UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

---

**HANJIN SHIPPING CO., LTD.**

                Plaintiff,

vs.

**PORT TRANSPORT INC. a/k/a PORT TRANSPORT; ASIANA EXPRESS (NEW YORK) CORP.; HK TECHFLOOR LLC; ABC COMPANIES 1-5, fictitious entities to be named later; and, J. DOES 1-5, fictitious individuals to be named later; j/s/a**

                Defendant(s).

**CIVIL COMPLAINT**
**CONTRACT**

---

Plaintiff, Hanjin Shipping Co., Ltd., by its attorney, Lawrence G. Tosi, Esq., as and for its Complaint against defendant(s), Port Transport, Inc. a/k/a Port Transport; Asiana Express (New York) Corp.; HK Techfloor LLC; ABC Companies 1-5, fictitious entities to be named later; and, J. Does 1-5, fictitious individuals to be named later; jointly, severally or in the alternative, in personam, in a cause of action civil and maritime, alleges upon information and belief:

### JURISDICTIONAL ALLEGATIONS

1. As the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00, plaintiff submits that Federal Jurisdiction is established based upon Diversity of Jurisdiction, and, a controversy exceeding the sum of $75,000.00.

2. Further, the jurisdiction of this Court is founded on the admiralty or maritime

character of the claim as more fully appears herein. This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

3. This is also a claim arising out of a civil case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. §§1333 and/or the Interstate Commerce clause of the United States Constitution.

## VENUE

4. This Court has venue over this matter because both plaintiff and defendant(s) reside and/or do business within the United States of America, and/or, the contract between the parties is governed by the laws of the United States of America.

## PARTIES

5. At all times hereinafter mentioned, plaintiff, Hanjin Shipping Co., Ltd. (hereinafter "Hanjin"), was and still is a corporation duly organized and existing under the laws of the State of New Jersey with offices and a principal place of business at 80 East Route 4, Paramus, New Jersey, 07652.

6. Upon information and belief and at all times hereinafter mentioned, defendant, Port Transport, Inc. a/k/a Port Transport (hereinafter "Port Transport"), was and is an unincorporated entity entitled to do business in the State of New Jersey, with a principal place of business at 123 Pennsylvania Avenue, Building 2, Gate 3, South Kearny, New Jersey 07032.

7. Upon information and belief and at all times hereinafter mentioned, defendant, Asiana Express (New York) Corp. (hereinafter "Asiana Express"), was and is a corporation entitled to do business in the State of New York, with a principal place of business at 167-10 South Conduit Avenue, Suite 103, Jamaica, New York 11434.

8. Upon information and belief and at all times hereinafter mentioned, defendant, HK Techfloor LLC (hereinafter "HK Techfloor"), was and is a corporation entitled to do business in the State of Arizon, with a principal place of business at 1430 North Hobson Street, Gilbert, Arizona 85233.

9. Upon information and belief and at all times hereinafter mentioned, defendants, ABC Companies 1-5, fictitious entities to be named later, are incorporated and/or unincorporated business entities which acted in concert with the other defendants and/or as alter egos of the other defendants to deprive plaintiff of the benefit of its bargain, to wit: payment in full for all services rendered.

10. Upon information and belief and at all times hereinafter mentioned, defendants, J. Does 1-5, fictitious individuals to be named later, are individuals who acted in concert with the other defendants and/or as alter egos of the other defendants to deprive plaintiff of the benefit of its bargain, to wit: payment in full for all services rendered.

## FIRST COUNT

11. Plaintiff repeats and realleges each and every material fact and allegation contained in the preceding paragraphs, as if fully set forth herein verbatim.

12. Certain goods belonging to defendant(s) and/or defendant(s)' customer(s) were delivered to plaintiff who arranged and assumed common carrier responsibility to dray, load, pack and transport defendant(s)' goods to the port(s) of destination designated by defendant(s) pursuant to the contract(s) of carriage entered between plaintiff and defendant(s).

13. Upon information and belief, defendant(s) and/or defendant(s)' customer(s) acted at all times relevant as the shipper to plaintiff's bill(s) of lading and waybill(s), and as such,

agreed to pay all freight, drayage, loading, accessorial, and other charges incident to the transportation of defendant(s)' goods to their ultimate destination(s).

14. Upon information and belief, plaintiff's bill(s) of lading and waybill(s) served as defendant(s)' document(s) of title, receipt(s) of the goods transported by plaintiff, and contract(s) of carriage between plaintiff and defendant(s).

15. Upon information and belief, defendant(s)' goods were transported to defendant(s) at the port(s) of destination and defendant(s) received its goods.

16. Defendant(s) and/or defendant(s)' customer(s), as part of the chain of international transportation, took possession of the goods at the port(s) of destination, and took possession of plaintiff's equipment pursuant to the agreement between the parties.

17. Defendant(s) had a duty to make payment to plaintiff for accessorial charges, and defendant(s) herein was bound to make payment of all accessorial charges due to plaintiff, whether same were collected from defendant(s)' customer(s).

18. Plaintiff has duly performed all duties and obligations required to be performed by plaintiff.

19. Defendant(s) has failed and refused and continues to fail and refuse to remit payment of $255,295.30 due and owing to plaintiff, although duly demanded.

## SECOND COUNT

20. Plaintiff repeats and realleges each and every material fact and allegation set forth in the preceding paragraphs, as if fully set forth herein verbatim.

21. There is due from the defendant(s) the sum of $255,295.30, on a certain book account, a true copy of which is annexed hereto as Exhibit "A".

22. Payment of the aforesaid sum has been demanded and refused.

## THIRD COUNT

23. Plaintiff repeats and realleges each and every material fact and allegation set forth in the preceding paragraphs, as if fully set forth herein verbatim.

24. Plaintiff sues the defendant(s) for goods sold and delivered and/or services rendered by the plaintiff to defendant(s), upon the promise by the defendant(s) to pay the agreed amount as set forth in Exhibit "A" annexed hereto.

25. Payment has been demanded and refused.

## FOURTH COUNT

26. Plaintiff repeats and realleges each and every material fact and allegation set forth in the preceding paragraphs, as if fully set forth herein verbatim.

27. The plaintiff sues the defendant(s) for the reasonable value of goods sold and delivered and/or services rendered by the plaintiff to the defendant(s) upon the promise of the defendant(s) to pay a reasonable price for same, as set forth in Exhibit "A" annexed hereto.

28. Payment of the aforesaid sum has been demanded and refused.

## FIFTH COUNT

29. Plaintiff repeats and realleges each and every material fact and allegation set forth in the preceding paragraphs, as if fully set forth herein verbatim.

30. The defendant(s), being indebted to the plaintiff in the sum of $255,295.30, upon account stated between them, did promise to pay the plaintiff said sum upon demand.

31. Payment has been demanded and has not been made.

## SIXTH COUNT

32   Plaintiff repeats and realleges each and every material fact and allegation set

5

forth in the preceding paragraphs, as if fully set forth herein verbatim.

33. Pursuant to the Uniform Intermodal Interchange and Facilities Access Agreement(s) [hereinafter the "UIIA(s)"] between plaintiff and defendant(s), defendant(s) are required to undertake the collection of ocean freight related from their respective customer(s) and make payment of same to plaintiff herein.

34. To the best of plaintiff's knowledge, information and belief, defendant(s) received the aforesaid charges from its respective customer(s), but did not turn over to plaintiff the sums due and owing pursuant to Exhibit "A" annexed hereto.

35. Defendant(s) is(are) in breach of the contract(s) contained in the UIIA(s).

36. Defendant(s)' breach of contract(s) is(are) to the significant economic detriment of the plaintiff.

37. Any and all funds to be received by defendant(s) from its customer(s) with respect to the services and equipment supplied by plaintiff are funds due and owing to plaintiff.

38. To plaintiff's knowledge, information and belief, plaintiff does not have a duty to enforce the payment of accessorial charges from defendant(s)' customer(s).

39. Demand has been made upon defendant(s) for the payment of the amounts due and owing, as required by the UIIA(s), to no avail.

## SEVENTH COUNT

40 Plaintiff repeats and realleges each and every material fact and allegation set forth in the preceding paragraphs, as if fully set forth herein verbatim.

41. Defendant, Asiana Express (New York) Corp., is the consignee on the bills of lading and waybill contracts with plaintiff herein.

42. Pursuant to the instructions of Asiana Express and/or Port Transport, plaintiff

issued bills directly to Port Transport, for charges related to the ocean freight services rendered by the plaintiff.

43. In response to inquiries by the plaintiff, documentation, the authenticity of which plaintiff cannot be certain, has been produced indicating that Port Transport sent invoices to HK Techfloor for the aforesaid charges due and owing to the plaintiff.

44. In response to inquires by the plaintiff, documentation, the authenticity of which plaintiff cannot be certain, has been produced indicating that HK Techfloor remitted payment to Port Transport for the aforesaid charges due and owing to the plaintiff.

45. However, despite the foregoing, plaintiff has not received payment for its services, and, there is due and owing the sum of $255,295.30.

46. Demand has been made upon all of the named defendants, to no avail.

47. The contract(s) by and between plaintiff and defendant(s), including, but not limited to the Bills of Lading and Waybills, and, the Uniform Intermodal Interchange and Facilities Access Agreement(s) (hereinafter the "UIIA"), provide that all of the defendants herein are liable for the charges hereinquestion due and owing to the plaintiff.

48. As the consignee named on the Bills of Lading and Waybills, Asiana Express is liable for the invoices due and owing to the plaintiff in the sum of $255,295.30, set forth herein.

49. As the shipper, the signatory to the UIIA and beneficial holder of the cargo, Port Transport is liable for the invoices due and owing to plaintiff in the sum of $255,295.30, set forth herein.

50. As the beneficial owner of the cargo, HK Techfloor is liable for the invoices due and owing to plaintiff in the sum of $255,295.30, set forth herein.

51. Plaintiff instructed no one to pay any entity or person other than plaintiff for

the invoices due and owing to the plaintiff.

52. Nevertheless, plaintiff has not yet received payment for the $255,295.30 worth of ocean-freight related charges due and owing, as set forth herein.

53. Demand has been made, to no avail.

## EIGHTH COUNT

54 Plaintiff repeats and realleges each and every material fact and allegation set forth in the preceding paragraphs, as if fully set forth herein verbatim.

55. Plaintiff and/or its representatives undertook a search of the New Jersey Secretary of State's records and no current active corporate information in the name of defendant, Port Transport, Inc. a/k/a Port Transport, could be found.

56. Despite the lack of a legitimate corporate registration, Port Transport is operating in the State of New Jersey under the name "Port Transport Inc.", as an active Carrier with an active Department of Transportation ("DOT") number of 2486888.

57. Therefore, to the best of plaintiff's knowledge, information and belief, defendant, Port Transport, is a proprietorship owned by defendant, J. Does 1-5, fictitious individuals to be named later.

58. The individual owners of defendant, Port Transport, thereby assume individual liability for the actions of the unincorporated entity and are hereby named as J. Does 1-5, as the individual owner(s)' names are currently unknown to the plaintiff.

## NINTH COUNT

59 Plaintiff repeats and realleges each and every material fact and allegation set forth in the preceding paragraphs, as if fully set forth herein verbatim.

60. As set forth in the previous count, it appears there is no corporate veil to

pierce with respect to the individuals who own the defendant, Port Transport.

61. However, even if there was a corporate veil, it is the submission of the plaintiff that the true nature of the entity was to act as a facade for the benefit of presently-unknown entities and/or individuals, to wit: ABC Companies 1-5 and/or J. Does 1-5, which will be named later upon discovery.

62. ABC Companies 1-5 and/or J. Does 1-5 have engaged in numerous acts of commission, as well as omission, such as to render same liable as alter egos of Port Transport.

63. Defendants, Port Transport, ABC Companies 1-5 and/or J. Does 1-5, have failed to observe corporate formalities.

64. To the best of plaintiff's knowledge, information and belief, defendants, Port Transport, ABC Companies 1-5 and/or J. Does 1-5, have obtained funds on the pretense that same would be turned over to plaintiff in payment for plaintiff's services rendered.

65. No entity or individual has turned over to plaintiff the amounts due and owing for the services rendered by plaintiff to defendant(s) resulting in the unpaid charges of $255,295.30.

## TENTH COUNT

66 Plaintiff repeats and realleges each and every material fact and allegation set forth in the preceding paragraphs, as if fully set forth herein verbatim.

67. To the best of plaintiff's knowledge, information and belief, defendants herein orchestrated and/or participated a scheme whereby defendant(s) received payment or other benefits for plaintiff's services, but failed to turn same over to plaintiff, to the plaintiff's severe economic detriment.

68. The defendant(s) actions, inactions, acts of commission and/or acts of omission in such regard were intentional and designed to deprive the plaintiff of the benefit of its

bargain, to wit: payment in full for services rendered.

69. The defendant(s) actions, inactions, acts of commission and/or acts of omission constitute a breach of the contract(s) by and between plaintiff and defendant(s).

## ELEVENTH COUNT

70 Plaintiff repeats and realleges each and every material fact and allegation set forth in the preceding paragraphs, as if fully set forth herein verbatim.

71. To the best of plaintiff's knowledge, information and belief, defendants herein orchestrated and/or participated a scheme whereby defendant(s) received payment or other benefits for plaintiff's services, but failed to turn same over to plaintiff, to the plaintiff's severe economic detriment.

72. The defendant(s) actions, inactions, acts of commission and/or acts of omission in such regard were intentional and designed to deprive the plaintiff of the benefit of its bargain, to wit: payment in full for services rendered.

73. The defendant(s) actions, inactions, acts of commission and/or acts of omission sound in fraud.

## TWELFTH COUNT

74 Plaintiff repeats and realleges each and every material fact and allegation set forth in the preceding paragraphs, as if fully set forth herein verbatim.

75. To the best of plaintiff's knowledge, information and belief, defendants herein orchestrated and/or participated a scheme whereby defendant(s) received payment or other benefits for plaintiff's services, but failed to turn same over to plaintiff, to the plaintiff's severe economic detriment.

76. The defendant(s) actions, inactions, acts of commission and/or acts of

omission in such regard were intentional and designed to deprive the plaintiff of the benefit of its bargain, to wit: payment in full for services rendered.

77. The defendant(s) actions, inactions, acts of commission and/or acts of omission constitute an unjust enrichment to the defendants(s), to the severe economic detriment of the plaintiff.

## THIRTEENTH COUNT

78  Plaintiff repeats and realleges each and every material fact and allegation set forth in the preceding paragraphs, as if fully set forth herein verbatim.

79. To the best of plaintiff's knowledge, information and belief, defendants herein orchestrated and/or participated a scheme whereby defendant(s) received payment or other benefits for plaintiff's services, but failed to turn same over to plaintiff, to the plaintiff's severe economic detriment.

80. The defendant(s) actions, inactions, acts of commission and/or acts of omission in such regard were intentional and designed to deprive the plaintiff of the benefit of its bargain, to wit: payment in full for services rendered.

81. The defendant(s) actions, inactions, acts of commission and/or acts of omission constitute a conversion of plaintiff's services, to the benefit of defendant(s) and to the severe economic detriment of the plaintiff.

## FOURTEENTH COUNT

82  Plaintiff repeats and realleges each and every material fact and allegation set forth in the preceding paragraphs, as if fully set forth herein verbatim.

83. To the best of plaintiff's knowledge, information and belief, defendants herein orchestrated and/or participated a scheme whereby defendant(s) received payment or other benefits

11

for plaintiff's services, but failed to turn same over to plaintiff, to the plaintiff's severe economic detriment.

84. The defendant(s) actions, inactions, acts of commission and/or acts of omission in such regard were intentional and designed to deprive the plaintiff of the benefit of its bargain, to wit: payment in full for services rendered.

85. The defendant(s) actions, inactions, acts of commission and/or acts of omission constitute a theft by deception with respect to plaintiff's services and the value thereof, to the benefit of defendant(s) and to the severe economic detriment of the plaintiff.

## DAMAGES

40. By reason of the foregoing, plaintiff has sustained damages in the amount of $255,295.30 which, although duly demanded, have not been paid.

WHEREFORE, plaintiff prays for:

A. Judgment in favor of the plaintiff and against the defendant(s) for compensatory damages of $255,295.30, together with interest thereon, as well as costs, disbursements and a reasonable attorney's fees;

B. Judgment in favor of the plaintiff for punitive damages for breach of contract, fraud, unjust enrichment, conversion and/or theft by deception;

C. That process in due form of law according to the practice of this Court in cases of admiralty and maritime jurisdiction may issue against the defendant(s) citing it to appear and answer all the singular matters aforesaid;

D.  That plaintiff have such other and further relief in the premises as in law and justice it may be entitled to receive.

**OFFICE OF LAWRENCE G. TOSI, ESQ. LLC**
Attorney for Plaintiff

BY: _____
LAWRENCE G. TOSI, ESQ.
Attorney for Plaintiff
211 Lackawanna Avenue, Suite 4
Woodland Park, NJ  07424
(973) 256-8555

Dated:  April 29, 2016