## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **HANJIN SHIPPING CO., LTD.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**PORT TRANSPORT INC. a/k/a PORT TRANSPORT; ASIANA EXPRESS (NEW YORK) CORP.; HK TECHFLOOR LLC; WILLIAM E. ROSENTHAL; JACOB ROSENTHAL; ABC COMPANIES 1-5, Fictitious entities to be named later; and DOES 1-5 fictitious individuals to be named later,**<br><br>**Defendants.** | Civ. No. 2:16-02547 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Hanjin Shipping Co., LTD ("Hanjin") alleges that Defendant Port Transport, Inc. ("Port Transport") failed to remit payment of $255,295 for transporting third-party merchandise by ocean freight. The Complaint includes fourteen counts relating to fraud and breach of contract. Defendants William and Jacob Rosenthal, owners and operators of Port Transport, now move the Court to dismiss all claims against them as individuals. The Court **GRANTS** the Rosenthals' motion to dismiss, and the claims against them are **DISMISSED** without prejudice.

## I.   BACKGROUND [1]

Plaintiff Hanjin is an international ocean freight carrier with offices in New Jersey. Complaint ("Compl.") ¶ 5. Hanjin alleges that it agreed with Port Transport to ship goods produced by Defendant HK Techfloor. *Id.* ¶ 24. According to the Complaint, the parties agreed that HK Teckfloor would remit payment to Port Transport, and that Port Transport would then pay Hanjin. *Id.* ¶ 55. Hanjin alleges it was never paid for its services. The

---

[1] The following facts are drawn from the Complaint and motion papers.

record shows that Hanjin sent Port Transport numerous invoices totaling $255,295 for service dates ranging from November 2014 to March 2016. *See* Pl. Memo, Ex. E.

Hanjin now brings fourteen claims relating to breach of contract and fraud against Defendants Port Transport, William and Jacob Rosenthal (individuals who own and operate Port Transport) and HK Techfloor. The Complaint alleges that Defendants William and Jacob Rosenthal used Port Transport as an "alter ego" to perpetrate fraud and evade personal liability. § 73. Hanjin supports its alter ego theory by showing that at all relevant times the Rosenthals were officers and owners of Port Transport, as well as signatories to all corporate bank accounts. §§ 9-10. Hanjin also notes that Port Transport, a Delaware corporation, failed to obtain certification to transact business under New Jersey law. Pl. Opp., Exs. B-C. The Rosenthals move to dismiss all claims against them as individuals.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570. A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## III.   DISCUSSION

### A. Subject Matter Jurisdiction

United States Code § 1333 vests federal district courts with original jurisdiction over "Any civil case of admiralty or maritime jurisdiction . . .." 28 U.S.C. § 1333. *See* Art. III § 2; *Hotung v. A Cargo of a Crate Containing Nine Boxes Documents Shipped Aboard the M/V Hanjin Nagoya*, 452 F.Supp.2d 564, 567 (D.N.J. 2006) ("[W]hether or not a contract falls within that admiralty or maritime jurisdiction depends upon the nature and subject-matter of the contract."). *See also Rose Containerline, Inc. v. Omega Shipping Co.*, No. CIV. 10-4345 WHW, 2011 WL 1253849, at *3 (D.N.J. Mar. 28, 2011) (noting that federal common law applies to cases brought under admiralty jurisdiction).

The parties' agreement to ship goods by sea brings this action within the Court's admiralty jurisdiction.[2]

### B. Alter Ego Liability

A basic principle of corporate law is that shareholders and officers are not personally liable for corporate acts. *Kaplin v. First Options of Chicago, Inc.*, 19 F.3d 1505, 1520 (3d Cir. 1994). One exception, "alter ego" liability, applies where a corporate entity functions as an "artifice and a sham designed to execute illegitimate purposes in abuse of the corporate fiction and the immunity it carries." *Rose Containerline, Inc.*, 2011 WL 1253849, at *3 (citing *Zubick v. Zubick*, 384 F.2d 267, 270 n. 2 (3d Cir.1967)). "The alter ego concept is a tool of equity [that] is appropriately utilized when the court must prevent fraud, illegality or injustice, or when recognition of the corporate entity would defeat public policy or shield someone form a public liability for a crime." *Kaplan v. First Options of Chicago, Inc.*, 19 F.3d 1503, 1521 (3d Cir. 1994) (citations omitted).

In support of its alter ego theory, Plaintiff observes that the Rosenthals owned significant interest in Port Transport, drove its business dealings, and appeared as signatories to its bank accounts. §§ 8-9; 73-74. But these observations do not distinguish Port Transport from most other small, family-owned businesses. The Court cannot disregard the corporate entity and expose the Rosenthals to personal liability merely because their company is closely-held. *See, e.g.*, *Kirno Hill Corp. v. Holt*, 618 F.2d 982, 985 (2d Cir. 1980) (citations omitted) ("That Holt is the sole owner of Waterside-Pennsylvania does not alone justify piercing the corporate veil . . . indeed, individuals may incorporate for the very purpose of avoiding personal liability.").

Plaintiff argues that Port Transport's noncompliance with New Jersey's business authorization statute, N.J. Stat. Ann. § 14A:13-11 (West 2016), evinces the entity's "failure to observe corporate formalities." *United v. First Options of Chicago, Inc.* 19 F.3d 1503, 1521 (3d Cir. 1994) (citations omitted). Yet the statute itself rejects the notion that failure to register impairs the corporate form. *See* § 14A:13-11, at (2). ("The failure of a foreign corporation to obtain a certificate of authority to transact business in this State shall not impair the validity of any contract or act of such corporation, and shall not prevent such corporation from defending any action or proceeding in any court of this State."). Plaintiff has not alleged facts plausibly showing that Port Transport was merely an "alter ego" of the Rosenthals.

---

[2] Subject matter jurisdiction also exists under the Interstate Commerce Act. *See* 49 U.S.C. § 13706.

IV.     <u>**CONCLUSION**</u>

For the reasons foregoing, Defendants' motion to dismiss is **GRANTED**. Plaintiff's amended complaint is **DISMISSED** without prejudice as to Defendants William and Jacob Rosenthal.


            /s/ William J. Martini         
           **WILLIAM J. MARTINI, U.S.D.J.**

**January 23, 2017**