# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JIN HAN KIM** *as trustee for* **HANJIN SHIPPING CO.**, <br><br> **Plaintiff,** <br><br> v. <br><br> **PORT TRANSPORT INC. PRODUCTS CO.,** *et al.*, <br><br> **Defendants.** | Civ. No. 2:16-cv-2547 <br><br> **OPINION** |

## WILLIAM J. MARTINI, U.S.D.J.:

This matter comes before the Court on Trustee Jin Han Kim's unopposed motion to compel performance, ECF No. 86, and for other specific relief, ECF No. 99. For the reasons set forth below, the motion and requested relief are **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

The underlying facts of this case are set forth in the court's January 23, 2017 opinion, familiarity with which is assumed. *See* ECF No. 43. Since that opinion, the original plaintiff in this matter, Hanjin Shipping Co. ("Hanjin"), has entered bankruptcy proceedings in the Republic of Korea ("Korean Bankruptcy"). Taylor Cert. ¶ 10-11, ECF No. 86-1. Jin Han Kim ("Trustee") was appointed trustee for Hanjin, and replaced Hanjin as the plaintiff here. *Id.* ¶ 12.

According to the uncontroverted evidence before the Court, on June 7, 2018, the defendants[1] collectively agreed to offer Trustee $62,500 to settle this matter ("Offer"). *Id.* ¶ 15. Port agreed to pay $45,000, Asiana $5,000, Frontage $7,500, and HK $5,000. *Id.* ¶ 17. Trustee approved of the Offer but noted the Korean Bankruptcy Court had final authority. *Id.* ¶ 15. To obtain the Korean Bankruptcy Court's approval, Trustee needed a signed document by all the parties agreeing to the settlement. *Id.* ¶ 16. Trustee's attorney thus prepared a draft settlement agreement and circulated it to the parties on June 26, 2018. *Id.* ¶ 18. On June 29, counsel for all the parties held a telephone conference with Judge Falk and advised him that the matter was settled, subject to approval by the Korean Bankruptcy Court. *Id.* ¶ 19. Next,

---

[1] Defendants (including third-party defendants) are Port Transport Inc. ("Port"), HK Techfloor, LLC ("HK"), Asiana Express (New York) Corp. ("Asiana"), and Frontage Global, LLC ("Frontage" and collectively, "Defendants").

1

the parties' attorneys collectively revised and approved of a written settlement agreement ("Stipulation of Settlement"). *Id.* ¶¶ 19-21.

Port, Asiana, and Frontage signed the Stipulation of Settlement almost immediately. *Id.* ¶ 22. HK did not. On June 30, 2018, Trustee's counsel followed up with HK's attorneys regarding HK's failure to execute the document. *Id.* ¶ 23. HK's lawyer said "he was working on it." *Id.* Trustee's counsel followed up again in October 2018, at which point HK's attorneys said, "he had several calls out." *Id.* ¶ 25. Trustee followed up again in December 2018, and learned HK was not responding to communications from their attorneys. *Id.* ¶ 32.

To date, HK has failed to execute the Stipulation of Settlement. *Id.* At the same time, HK has not indicated that it seeks to revoke its previous agreement to the settlement terms. *Id.* ¶¶ 25, 29. But, because HK has not signed Stipulation of Settlement, Trustee has not been able to present the settlement to the Korean Bankruptcy Court for approval. *Id.*

## II. DISCUSSION

Trustee moves for an order (1) requiring HK to sign the Stipulation of Settlement within fifteen days and (2) if HK fails to do so, deem HK "to be bound by the settlement agreement reached and reported to the Court on June 29, 2018 whereby HK Techfloor, LLC is to pay $5,000 to [Trustee]." Proposed Order at 2 (Mar. 11, 2019), ECF No. 99 ("Proposed Order"). Trustee's motion and requested relief are unopposed.

### A. Jurisdiction

While the present motion is styled as a "motion to compel performance," Trustee is essentially asking the Court to deem the case settled. "In ongoing litigation, district courts have the jurisdiction to decide whether the parties have settled the action." *Bryan v. Erie Cty. Office of Children & Youth*, 752 F.3d 316, 323 (3d Cir. 2014). This matter is ongoing. *See* Order (June 29, 2018), ECF No. 77; Order (Feb. 7, 2019), ECF No. 85. Therefore, the Court has jurisdiction to decide whether the parties settled. However, that does not mean the Court has the authority to provide the specific relief requested by Trustee.

In part, Trustee requests an order compelling HK to physically sign the Stipulation of Settlement. Proposed Order at 2. Trustee cites no authority giving federal district courts the power to order such relief. Therefore, Trustee's request for an order that "HK Techfloor, LLC shall sign the Stipulation of Settlement" is **DENIED**. The Court *does*, however, have jurisdiction to determine if the Stipulation of Settlement accurately reflects the parties' agreement, and thus is binding on HK regardless of its signature. *See Williams v. Newark Beth Israel Med. Ctr.*, 06-cv-1649, 2008 WL 11425678, at *2 (D.N.J. Apr. 7, 2008), *aff'd*, 322 F. App'x 111 (3d Cir. 2009) ("[C]ourts will look to give effect to the terms of a settlement wherever possible, absent a showing of fraud or some other compelling circumstance."); *see also Bryan*, 752 F.3d at 323.

### B. Settlement Agreement

To determine if the Trustee is entitled to an order deeming HK bound by the terms of the Stipulation of Settlement, *See* Proposed Order at 2, the Court must determine if the parties

actually settled. Settlement agreements are simply a form of contract governed by state law. *Mortellite v. Novartis Crop Prot., Inc.*, 460 F.3d 483, 492 (3d Cir. 2006).

> In New Jersey[,] an agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing. . . . Furthermore, because strong public policy exists favoring settlement of litigation, courts will look to give effect to the terms of a settlement wherever possible, absent a showing of fraud or some other compelling circumstance.

*Williams*, 2008 WL 11425678, at *2 (citations omitted).

Here, the uncontroverted evidence supports the existence of a settlement. The parties' representatives—including HK's—repeatedly indicated their agreement to the terms set forth in the Stipulation of Settlement. *See* Taylor Cert. ¶ 15-32. They collectively edited the document and informed Judge Falk of the basic terms. *Id.* ¶ 18-21. The Court is unaware of any law, fraud, other compelling circumstance preventing the enforcement of that agreement. *See Williams*, 2008 WL 11425678, at *2 (enforcing terms of settlement wherever possible). Thus, the Court deems this matter settled according to the terms of the Stipulation of Settlement.

Therefore, Trustee's request for a Court order deeming HK "to be bound by the settlement agreement reached and reported to the Court on June 29, 2018 whereby HK Techfloor, LLC is to pay $5,000 to [Trustee]," Proposed Order at 2, is **GRANTED**.

## III. CONCLUSION

For the reasons set forth above, Trustee Jin Han Kim's unopposed motion to compel performance, ECF No. 86, and the relief requested, ECF No. 99, is **GRANTED IN PART** and **DENIED IN PART**.

**Dated: April 10, 2019**　　　　　　　　　　　　WILLIAM J. MARTINI, U.S.D.J.